IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02969-RBJ

YOHANDER JESUS SANTIAGO OCANTO,

   Petitioner,

v.

GEORGE VALDEZ, et al.,

   Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Yohander Jesus Santiago Ocanto's (petitioner) "Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" (Petition).  ECF No. 1.  He is a Venezuelan national who entered the United States without inspection and was apparently apprehended by U.S. Immigration Customs and Enforcement (ICE) on or about February 25, 2023, and then released.  *Id.* at ¶¶1, 32.  He denies having any criminal history but does not describe any family or other ties he has to this country.  He alleges that the Department of Homeland Security (DHS) initiated removal proceedings by filing a Notice to Appear on September 26, 2023; that he filed an asylum application on April 18, 2024; and that he was detained without a

1

warrant by U.S. Immigration Customs and Enforcement (ICE) on November 11, 2025, following a routine ICE check-in appointment.  *Id.* at ¶4.  He was then transferred to the GEO-ICE detention facility in Aurora, Colorado, where he has remained ever since.  *Id.* at ¶¶2-4.

Mr. Santiago Ocanto claims, on several grounds, that respondents are unlawfully detaining him:

1.      His warrantless arrest and detention violated this Court's order in *Ramirez Ovando v. Noem,* 810 F. Supp. 3d 1209 (D. Colo. 2025).  *See* Petition, ECF No. 1, at ¶¶4-5.

2.      Pursuant to a DHS motion to pretermit on his application for asylum, he indicated his non-opposition to be pretermitted to Ecuador.  The immigration court granted the DHS motion and ordered his removal on December 30, 2025.  *Id.* at ¶7.  However, he has not been removed, and he has received no indication that respondents are preparing to remove him to Ecuador or that Ecuador will receive him.  Thus, his removal is not reasonably foreseeable.  He has been detained longer than the presumptively reasonable six-month period described in *Zadvydas v. Davis,* 533 U.S. 678 (2001).  *See* Petition, ECF No. 1, at ¶¶6-10, 37-38, 44.  This appears to be the focus of his three claims for relief.  *See id.* at ¶¶53-58.

3.      He is working in the kitchen at the detention facility at $1 per day, which makes him a labor trafficking victim.  He will apply for a T Visa on July 2,

2026, and DHS will be prohibited from removing him while the application is pending. This also makes his removal unlikely in the reasonably foreseeable future and supports his *Zadvydas* argument. *See id.* at ¶¶11-13, 48-52.

4.     He has not been able to obtain a review of custody by an immigration judge because of *Matter of Yajure Hurtado,* 29 I. & N. Dec. 216 (BIA 2025). *See id.* at ¶¶23-24, 41-42. This might be the familiar 8 U.S.C. §§ 1225/1226 issue that the Tenth Circuit recently addressed in *Santillan Quiroz v. Mullin,* __ F.4__, 2026 WL 1876709 (10th Cir. June 30, 2026). However, that is not clear, and it might have been in reference to an unrelated petition by a Chelsy Valentina Ruiz Ramirez, apparently inadvertently lifted from another case and inserted in Mr. Santiago Ocanto's petition. *See id.* at ¶24.

Petitioner requests, among other things, that this Court declare that his detention is unlawful, order his immediate release with "appropriate supervisions," and award attorney's fees and costs under the Equal Access to Justice Act. ECF No. 1 at 15-16. He does not explicitly request that the Court order respondents to provide him with a bond hearing.

To protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the habeas petition only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this

order or the case is terminated.  At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent she has not done so, no later than Thursday, July 16, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket.  Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service,[1] respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be released within seven (7) days.

Dated: July 15, 2026          BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

---

[1] *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).