IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02969-RBJ

YOHANDER JESUS SANTIAGO OCANTO,

   Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

   Respondents.

---

## ORDER

---

Before the Court is Yohander Jesus Santiago Ocanto's ("petitioner") Application for a Writ of Habeas Corpus ("Petition"), ECF No. 1, Motion for Temporary Restraining Order ("TRO"), ECF No. 4, and Motion for Preliminary Injunction ("PI"), ECF No. 5. Petitioner seeks an order declaring his current immigration detention unlawful under the Due Process Clause and the Immigration and Nationality Act ("INA") and asks this Court to order his release. ECF No. 1 at 23. Respondents disagree. ECF Nos. 13 and 14.

For the reasons set forth below, the Court disagrees with petitioner's assertion that his detention is unlawful. Therefore, the Petition is DENIED. The motion to

1

enforce, ECF No. 9, is DENIED.  The motions for a Temporary Restraining Order, ECF No. 4, and for a Preliminary Injunction, ECF No. 5, are denied as moot.

## I.    Background

Mr. Santiago Ocanto is a Venezuelan national.  He entered the United States without being inspected or admitted near Eagle Pass, Texas on or about February 25, 2023.  On September 26, 2023, DHS filed a Notice to Appear ("NTA"), charging Mr. Santiago Ocanto as removable under INA § 212(a)(6)(A)(i).  ECF No. 1 at ¶ 2. On April 18, 2024, petitioner filed a form I-589 relief application with the immigration court.  On November 3, 2025, Mr. Santiago Ocanto was detained by Immigration and Customs Enforcement ("ICE") following a routine ICE check-in appointment.  He was transferred to the GEO-ICE Aurora facility and remained there until on or about July 12, 2026, when respondents transferred him to Louisiana, and then shortly after to Arizona on or about July 23, 2026.  ECF No. 9 at 2.  Between those two transfers, this Court issued a minute order enjoining respondents from removing petitioner from the United States or transferring him out of Colorado.  ECF No. 7.  In light of that order, Mr. Santiago Ocanto's counsel filed a Motion to Enforce and a Brief in Support of the Motion to Enforce, asserting that respondents violated this Court's order.  ECF No. 9 and 10.  The Court has not yet addressed that motion. On August 6, Respondents filed an Answer to the Petition and Response to the TRO, expressing their opposition.  ECF Nos. 13 and 14.

## II.   Discussion

Preliminarily, and contrary to petitioner's motion to enforce, ECF No. 9, respondents did not violate this Court's July 15, 2026 order that respondents were "enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated." ECF No. 7 at 3-4. As the motion acknowledges, Mr. Santiago Ocanto was transferred to Louisiana on July 12, 2026, three days before the Court entered that order. He has not been removed from the United States.

Turning to the Petition, a district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

3

Petitioner's challenges to the lawfulness of his detention fail because there is a significant likelihood that he will be removed in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.  Petitioner's detention has been relatively brief, and the record reflects a clear path to removal.  On June 11 and again on July 23, Mr. Santiago Ocanto was scheduled to depart on a charter flight for Ecuador.  ECF No. 13 at 3.  The Government of Ecuador agreed to accept petitioner without the need for a travel document.  ECF No. 13 at 3.  His removal on both occasions was prevented by this Court's July 15 Order and a similar order entered in a parallel case before my colleague, Judge Rodriguez.  At present, therefore, the only obstacle to petitioner's imminent removal is this Court's July 15 Order.  The Petition is therefore DENIED.  The motion to enforce, ECF No. 9, is DENIED.  The motions for a Temporary Restraining Order and for a Preliminary Injunction, ECF Nos. 4 and 5, are denied as moot.[1]

It is SO ORDERED.

Dated: August 7, 2026                    BY THE COURT:

R. Brooke Jackson

---

[1] The Court has considered petitioner's other claims.  Even if there were merit to any of those claims, and release were required, it would have little practical effect due to his imminent removal.  In any event, the Court does not find those claims to be meritorious for the reasons articulated in the government's response to the petition for a writ of habeas corpus.  ECF No. 13 at 3-7.

Senior United States District Court Judge